**SIGNED THIS 10th day of September, 2026**

**THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.**

Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**Rhea Ann Brown**<br><br>**Debtor.** | **CHAPTER 13**<br><br>**Case No. 23-70426** |
| **Rhea Ann Brown,**<br><br>**and**<br><br>**Gregory Kevin Maze,**<br><br>**on behalf of themselves and all others similarly situated,**<br>**Plaintiffs**<br><br>**v.**<br><br>**Goldman Sachs Bank USA,**<br>**d/b/a Marcus by Goldman Sachs,**<br>**Defendant.** | **Adv. Proc. No. 24-07009** |

# MEMORANDUM OPINION

This matter comes before the Court on a Motion to Dismiss Adversary Proceeding ("Motion to Dismiss") pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Goldman

Sachs Bank USA d/b/a Marcus by Goldman Sachs ("GS Bank"). (Docket No. 49). This Motion to Dismiss was accompanied by a Memorandum of Law in Support of its Motion to Dismiss ("Memorandum in Support"). (Docket No. 50). Plaintiffs Rhea Ann Brown and Gregory Kevin Maze, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), filed a Response to GS Bank's Motion to Dismiss ("Response"). (Docket No. 51). GS Bank filed a Reply in Further Support of its Motion to Dismiss ("Reply"). (Docket No. 53). A hearing was held on GS Bank's Motion to Dismiss on August 13, 2026, after which time the Court took the matter under advisement. Upon review of the parties' various filings and the arguments advanced in both the pleadings and at the hearing, and for the reasons stated below, the Court will grant GS Bank's Motion to Dismiss without prejudice but will grant leave to Plaintiffs to file an amended complaint within twenty-one days.

## STATEMENT OF THE CASE

The facts alleged are generally uncontested. Plaintiff Rhea Ann Brown ("Brown") filed for Chapter 13 bankruptcy in this Court on June 14, 2023. Compl. ¶ 17. Plaintiff Gregory Kevin Maze ("Maze") filed for Chapter 7 bankruptcy in this Court on November 9, 2023. Compl. ¶ 38. Prior to these bankruptcy petitions, Plaintiffs had each opened Apple Card credit accounts with GS Bank. Compl. ¶¶ 31, 42. In their petitions, Plaintiffs each listed GS Bank as a creditor in their schedules and included GS Bank in their respective mailing matrices. Compl. ¶¶ 18, 39.

This adversary action stems from GS Bank's post-bankruptcy petition efforts to collect upon pre-bankruptcy petition credit card debt in violation of the 11 U.S.C. § 362(a) automatic stay, and Plaintiffs' related claim for damages against GS Bank under 11 U.S.C. § 362(k) for violations of said automatic stay.

The well-pleaded allegations of the Complaint, taken as true, state that GS Bank attempted collection from Plaintiffs through emails, phone calls, and "Change in Terms" communications at various points between June 16, 2023, and February 15, 2024, after receiving notice of Plaintiffs' bankruptcy petitions. Compl. ¶¶ 20–32, 39–44.

In their Complaint, Plaintiffs thinly state Defendant's actions have caused them "injury." Complaint, ¶¶ 35, 48. Plaintiffs further claim GS Bank's "continued collection efforts" caused "emotional distress, stress, and anxiety," as well as "loss of time communicating with counsel and defending against" GS Bank's conduct. Compl. ¶¶ 36, 49; Response at 4. Together, they assert their emotional distress, lost time, and attorneys' fees form sufficient injury to seek money damages under section 362(k).

In its Motion to Dismiss, GS Bank asserts Plaintiffs failed to state a claim upon which relief can be provided. In its Memorandum of Support, GS Bank argues that, to state a claim under section 362(k), a plaintiff must demonstrate "actual damages" that resulted from a willful violation of the automatic stay, and that Plaintiffs, in alleging only distress, loss of time, and the incursion of attorneys' fees, did not adequately plead actual damages as required. GS Bank concludes that, because Plaintiffs cannot identify actual damages they incurred as a result of GS Bank's violation of the automatic stay, the Complaint must be dismissed.

Plaintiffs, in their Response, argue there is no requirement damages be pleaded with particularity at the pleading stage or that damages be quantifiable. Rather, Plaintiffs maintain that injury alone, be it pecuniary, physical, or emotional, need be demonstrated in the Complaint.

For the reasons contained herein, the Court finds that the Complaint does not contain sufficient allegations to sustain a claim under section 362(k) as a matter of law. However, the Court will grant Plaintiffs leave to amend the Complaint within twenty-one days, pursuant to Federal

Rule of Civil Procedure 15(a)(2) made applicable to adversary proceedings by Bankruptcy Rule 7015.[1]

## **JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## **DISCUSSION**

Filing a bankruptcy petition operates to immediately halt creditors from pursuing collection actions against a debtor or that debtor's estate. *See* 11 U.S.C. § 362(a). "The automatic stay is a bedrock principle upon which the Code is built; the importance of § 362 cannot be over-emphasized. *Grady v. A.H. Robins Co.,* 839 F.2d 198, 200 (4th Cir. 1988). 'The purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding.' *Winters by and Through McMahon v. George Mason Bank,* 94 F.3d 130, 133 (4th Cir. 1996) (citation omitted)." *In re Seaton*, 462 B.R. 582, 591 (Bankr. E.D. Va. 2011); *see also In re McPherson*, No. 26-70528, 2026 WL 2589947, at *4 (Bankr. W.D. Va. Sept. 1, 2026).

[1] The Plaintiffs have not filed a written motion for leave to amend. However, they requested leave to re-plead in their Response to Defendant's 12(b)(6) Motion to Dismiss, and at oral argument, they requested leave to amend should the motion to dismiss be granted. Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ.P. 15(a)(2); *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). The Court exercises its discretion to grant the Plaintiffs' leave to amend, without prejudice to the Defendant's rights to file further motions in response if they deem it proper to do so. *See Ruiz v. Samuel I. White, P.C.*, No. 1:09cv688, 2009 WL 4823933, *2 (E.D. Va. Dec. 11, 2009).

If a creditor willfully violates the stay, a debtor may recover actual damages, including costs and attorneys' fees. 11 U.S.C. § 362(k). To recover for such violation, a plaintiff must show "(1) that the defendant violated the stay imposed by § 362(a), (2) that the violation was *willful*, and (3) that the plaintiff was injured by the violation." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015) (emphasis in original). For a violation to be willful, the "creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *In re Kimbler*, 618 B.R. 437, 443 (Bankr. E.D.N.C. 2020); *see also Strumpf*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995). Failure to satisfy any of the three elements proves fatal to a plaintiff's claim. *See, e.g.*, *Barry v. Experian Info. Sols., Inc.*, No. 2:16-CV-09515, 2018 WL 3341785, at *11 (S.D.W. Va. July 6, 2018).

Under Rule 12(b)(6), as applicable to this adversary proceeding under Bankruptcy Rule 7012(b), the bankruptcy court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To contain sufficient factual matter to make a claim plausible, the complaint must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Mere legal conclusions unsupported by factual allegations are insufficient. *Id.* at 679. "[N]aked assertion[s] devoid of further factual enhancement" do not suffice. *Id.* at 678. Instead, the complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

**I. The Complaint sufficiently alleges Defendant willfully violated the automatic stay.**

Plaintiffs must first allege that GS Bank violated the automatic stay imposed by section 362(a). *See, e.g., In re Lyle*, 662 B.R. 229, 235 (Bankr. E.D.N.C. 2024) (providing that a violation of the automatic stay occurs any time an attempt to collect is made upon a debtor that has petitioned for bankruptcy). Second, Plaintiffs must allege GS Bank's violation was willful. *Id.* For a violation of the automatic stay to be willful, "the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay." *Strumpf*, 37 F.3d at 159 (citing *Budget Service Co. v. Better Homes of Va.*, 804 F.2d 289. 292-93 (4th Cir. 1986); *In re Atl. Business & Community Corp.*, 901 F.2d 325, 329 (3d Cir. 1990)). "Willfulness describes the intentional nature of action taken in violation of the stay, rather than the specific intent to violate the stay." *In re Banks*, 577 B.R. 659, 667 (Bankr. E.D. Va. 2017). "Once a creditor or other actor learns [of]—or is put on notice of—debtor's bankruptcy filing, any actions intentionally taken thereafter in violation of the automatic stay are in nature, 'willful' stay violations." *Lyle*, 662 B.R. at 235. Moreover, "the majority of bankruptcy courts have held that a violation of the automatic stay occurring from intentional creditor action following human clerical or computer error still constitutes a 'willful' violation." *In re Defeo*, 635 B.R. 253, 263 (Bankr. D.S.C. 2022).

Here, there is little debate GS Bank violated the automatic stay. GS Bank attempted to collect from Plaintiffs after their petition filings through telephone calls, emails, and other alike communications in violation of section 362(a). Compl. ¶¶ 20–32, 39–44. "The postpetition sending of invoices or attempts to collect or repossess on a prepetition debt is a violation of the automatic stay." *In re Reid*, No. 25-10566, 2026 WL 120978, at *2 (Bankr. M.D.N.C. Jan. 15, 2026). Moreover, GS Bank's violations of the automatic stay were willful, as GS Bank was on notice Plaintiffs had petitioned for bankruptcy. Compl. ¶¶ 20–22, 25, 27, 29–30, 39–41, 43–44. Plaintiffs,

Plaintiffs' counsel, and the Bankruptcy Noticing Center all provided notice directly to GS Bank that Plaintiffs had petitioned for bankruptcy and that the automatic stay had arisen. *Id.* Despite this, GS Bank continued to dispatch collection communications to Plaintiffs. This meets the willful standard. Compl. ¶¶ 20–32, 39–44. Both the first and second prong of the *Houck* factors are satisfied. Damages are where Plaintiffs fall short.

**II. Plaintiffs did not credibly plead actual damages.**

Under 11 U.S.C. § 362(k)(1), "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." "The award of actual damages is mandatory upon a finding of a willful violation of § 362." *Clayton v. King (In re Clayton)*, 235 B.R. 801, 810 (Bankr. M.D.N.C. 1998).

This Court has previously recognized, and recognizes here, that, in the context of section 362(k), "[c]ourts traditionally view 'actual damages' as a broad umbrella term, including, but not limited to, lost time damages, out-of-pocket expenses, and emotional damages." *In re Comer*, Case No. 19-70593, A.P. No. 19-07030, 2019 WL 6273386, at *3 (Bankr. W.D. Va. Nov. 22, 2019) (citing *In re Ojiegbe*, 539 B.R. 474, 479 (Bankr. D. Md. 2015)). Still, "[t]he burden is on the debtor to establish damages by a preponderance of the evidence, and the 'award must be founded on concrete, non-speculative evidence.'" *In re Swaim*, No. 25-50593, 2026 WL 1742028, at *5 (Bankr. M.D.N.C. May 27, 2026) (citing *Reid*, 2026 WL 120978, at *4). "Where no injury results from the violation . . . an award of damages is clearly inappropriate." *In re Voll*, 512 B.R. 132, 138 (Bankr. N.D.N.Y. 2014) (cleaned up).[2]

[2] The very structure of section 362(k) impresses such conclusion. Congress would not have separately included a requirement that a debtor suffer some "actual damage"—whatever that damage may be—to collect attorneys' fees if

In this case, Plaintiffs do not suggest they suffered any direct pecuniary, physiological, or financial harm, but allege they suffered injury, alternatively, in the forms of threats to report credit delinquency, emotional distress, loss of time, and attorneys' fees. Plaintiffs also assert that, for want of other species of actual damages, nominal and punitive damages are warranted. The Court considers each of these assertions below and finds, presently, that the allegations of damages asserted in the Complaint are insufficient.

a. Plaintiffs do not credibly plead damages related to credit reporting.

A potential future injury is not an injury in fact.[3] *In re Sturman*, No. 10 Civ. 6725, 2011 WL 4472412, at *4 (S.D.N.Y. Sept. 27, 2011). Plaintiffs allege GS Bank "threatened to report" their Apple Card accounts as a delinquent "charge off, thereby threatening and undermining" Plaintiffs' efforts to rebuild their credit. Compl. ¶¶ 32, 45. GS Bank refutes this, arguing that, because it did not actually report any delinquencies to credit reporting agencies, instigate any damage to Plaintiffs' credit scores, or otherwise harm Plaintiffs' ability to access credit presently or in the future, there was no consequential harm from the statement, and no actual damages that resulted. Had GS Bank actually submitted any report, the conclusion may be different, but under the facts alleged in the Complaint, there was no injury incurred by GS Bank's statement it may

they intended for courts to award damages every time there was a violation of the stay. Plaintiffs' counsel, during a hearing on August 13, 2026, suggested that debtors suffer a *per se* injury in the violation of the stay, which he deemed a trespass to a legal right under the Bankruptcy Code. This Court understands the argument, but does not find it meritorious, as such conclusion would abrogate the elements of *Houck*. *See Houck*, 791 F.3d at 484. Creating grounds for relief for each and every minute violation of the stay would throw open the door to spiteful and frivolous litigation for the most minor of interactions between creditors and debtors. Damages are required in some demonstrable form; "[i]f an attorney cannot identify actual damages incurred by the stay violation before filing the motion, then the attorney should not file the motion in the first place." *In re Martinez*, 281 B.R. 883, 887 (Bankr. W.D. Tex. 2002). While there may be debate over what exactly can constitute "actual damage," there is no question that "actual damage" is the statutory requirement for relief under section 362(k). In such cases, as Judge Chapman wrote, this Court will deny damages and "hope that the parties can move on." *In re Sturman*, No. 10 Civ. 6725, 2011 WL 4472412, at *1 (S.D.N.Y. Sept. 27, 2011).

[3] That is not to say a threat cannot serve as evidence of emotional damages.

report a delinquency to credit reporting agencies in the future. *See, e.g.*, *In re Drake*, No. 09-52371, 2015 WL 393408, at *4 (Bankr. M.D.N.C. Jan. 6, 2015).

Courts have rejected "veiled threats" and even mere truthful credit reporting alone as grounds for actual damages because they are simply too far removed from any actual demonstrated harm justifying an award of money damages. *See In re Morris*, 514 B.R. 658, 678 (Bankr. N.D. Ala. 2014); *In re Keller*, No. 12-22391-B-13, 2016 WL 3004488, at *2 (Bankr. E.D. Cal. May 17, 2016), *aff'd*, 568 B.R. 118 (B.A.P. 9th Cir. 2017) (finding truthful credit reporting is not a per se violation of the automatic stay). This Court finds that the allegations in this case as to future acts do not rise to a level of actual damages.[4]

Plaintiffs' case citations also fail to show how a statement of intent, like GS Bank's statement above, can stand as an independent ground for actual damages. *See In re Coleman*, No. 09-04053/HB, 2011 WL 5025499, at *3 (Bankr. D.S.C. Oct. 20, 2011) (emotional damages awarded to debtor under section 362(k) after weeks of harassment by a creditor attempting to collect, including a threat to "intentionally damage" debtor's credit, or "include erroneous information in [debtor's] credit reports"); *In re Ramos Morales*, No. 16-09440 (ESL), 2020 WL 4728373, at *7–8 (Bankr. D.P.R. May 18, 2020) (finding that a violation of the stay had occurred without discussing damages); *In re Rizzo-Cheverier*, 364 B.R. 532, 538 (Bankr. S.D.N.Y. 2007) (finding the relay of *incorrect information* to credit-reporting agencies "*would* damage the Debtor's credit rating and thwart her ability to maintain the 'fresh start' she has so diligently worked for and deserves") (emphasis added); *In re Torres Ramos*, No. 18-01410 (MCF), 2021 WL 4465547, at *4 (Bankr. D.P.R. Sept. 29, 2021) (scheduling an evidentiary hearing to determine

[4] In the circumstances of this case, the Court finds the allegations fall short. That is not a bright line test. Threatening to sue a debtor for nonpayment crosses a different line, it is more than a "veiled threat" even though suit has not yet been filed.

damages when a creditor actually reported to a credit reporting agency that debtor's account was delinquent).

This is not to say that GS Bank's actions were not wrongful nor that the communication was not a willful violation of the stay, but a statement that Plaintiffs' accounts *may at some point in the future* be reported for delinquency, without any concrete effect on credit scores, finances, or otherwise, too thinly supports a claim for damages, even at the pleadings stage.

b. Plaintiffs do not credibly plead emotional damages.

A debtor may recover emotional distress damages under section 362(k). *Ojiegbe*, 539 B.R. at 480. To prove emotional distress damages, the debtor must "(1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation of the automatic stay." *Seaton*, 462 B.R. at 602. "[G]enuine emotional distress damages should be compensable, even in the absence of related financial loss, but only if the debtor can clearly establish that he suffered a significant harm and demonstrates a causal connection between the significant harm and the actions taken in violation of the stay." *In re Charity*, No. 16-31974-KLP, 2017 WL 3580173, at *11 (Bankr. E.D. Va. Aug. 15, 2017) (citing *Seaton*, 462 B.R. at 602–03. Thus, "[w]hile claims for fleeting or trivial emotional distress are not compensable, an individual who suffers significant harm and demonstrates a causal connection between the harm and the violation of the automatic stay is entitled to be compensated." *Green Tree Servicing, LLC v. Taylor*, 369 B.R. 282, 288 (S.D.W. Va. 2007). In other words, "an award of compensatory emotional distress damages requires evidence establishing that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a

violation occurred supports an award of compensatory damages." *Brittner v. Beach Anesthesia, LLC*, No. 22-1511, 2023 WL 4146240, at *1 (4th Cir. June 23, 2023) (citing *Doe v. Chao*, 306 F.3d 170, 180 (4th Cir. 2002)).

"Unless the creditor's conduct is particularly egregious, where emotional distress harm would be readily apparent, the claimant must establish emotional distress with corroborating evidence, such as expert testimony, medical testimony, or credible testimony from non-experts such as family members." *In re Hafer*, No. 13-10568, 2013 WL 5925167, at *6 (Bankr. E.D. Va. Nov. 5, 2013); *see also In re Payne*, No. 20-30524-KLP, 2021 WL 1093944, at *5 (Bankr. E.D. Va. Mar. 22, 2021). A debtor must claim collection efforts were more than merely distressing or upsetting.

In *Comer*, the debtor testified repeated attempts to collect "made her feel like a failure," and that, because she was "responsible for her family's financial stability" she felt "the actions of [creditor] were her own fault," causing emotional distress. *See Comer*, 2019 WL 6273386, at *3. Nonetheless, the debtor "failed to provide any corroborating evidence that they experienced significant emotional harm," and such testimony was insufficient to award emotional distress damages. *Id.* Similarly, in *Charity*, 2017 WL 3580173, at *11, the "embarrassment and guilt" that a debtor suffered from violations of the automatic stay, as well as claims of emotional distress that were "vague, generalized, and otherwise not established with any degree of specificity," could not adequately establish emotional harm such that damages could be claimed. These cases are not alone. *See, e.g.*, *Defeo*, 635 B.R. at 266 (finding no significant emotional damages when debtor testified to nausea, stress, and sleeplessness, but presented no evidence he missed work, incurred medical expenses, or corroborating evidence); *In re Yankah*, No. 12-35627-KLP, 2015 WL 1331716, at *7 (Bankr. E.D. Va. Mar. 20, 2015) ("Yankah has failed to offer concrete evidence of

her alleged intangible damages, including emotional distress . . . With only generalized complaints asserted by Yankah, the Court is unable to fix and award damages for these alleged losses."); *In re Strong*, No. 25-03068-HB, 2026 WL 1557450, at *12 (Bankr. D.S.C. Apr. 13, 2026) ("Although the facts of this case indicated a highly frustrating and stressful situation, the record lacks detailed testimony or other evidence from which the Court could reasonably quantify any emotional distress damages"). The cases cited reflect evidentiary hearings having been held, but the Defendant is entitled to more at the pleadings stage than vague, generalized allegations.

In this matter, Plaintiffs similarly fail to allege adequate grounds to support a finding of sufficient distress to advance a claim for emotional damages. The Complaint alleges that both Brown and Maze suffered "distress, stress, and anxiety," because they were concerned over "the potential for ongoing and escalated continued collection activity," but provides no elaboration as to the nature of or effects of such stress upon them. Compl. ¶¶ 36, 49. These sparse claims of worry and strain and are insufficient. "A plaintiff's own conclusory allegations that he felt 'embarrassed', 'degraded', or 'devastated', and suffered a loss of self-esteem, will not suffice." *Chao*, 306 F.3d at 180.

c. Plaintiffs do not credibly plead loss of time damages.

Loss of time damages refer principally to those lost wages that a debtor may incur in seeking to enforce a stay or defending against a wrongful violation, and almost always refers to wages foregone undertaking such actions. This Court could identify no cases where loss of personal time, in opposition to lost employment or other denial of remuneration, has served as grounds for actual damages. *See In re Wingard*, 382 B.R. 892, 902 (Bankr. W.D. Pa. 2008) (finding there is no injury in managing the "inconvenience in dealing with the dunning letters and phone

call[s]" of creditors); *In re Skaggs*, No. 17-50941, 2023 WL 322559, at *8 (Bankr. W.D. Va. Jan. 19, 2023) ("[T]he Court will not award damages for [debtor's] lost opportunity cost. Although [debtor] testified about his loss of time, and loss of potential earnings from his self-employment, he did not provide corroborating evidence.").

In their Complaint, Plaintiffs allege they suffered "the loss of time in communicating with counsel as well as time communicating with the Defendant in an effort to stop the post-petition collection activity," but offer no detail as to how such activities represent an actual injury. Compl. ¶¶ 36, 49. Plaintiffs elaborate in their Response that they were required to communicate "with counsel" and defend "against GS Bank's contact" but provide no concrete examples of exactly what was lost and how this would serve as grounds for actual damages. Response at 4. Plaintiffs cite *Comer* to support this argument, though that case opines lost time refers to missed work or other remunerative opportunities. *Comer*, 2019 WL 6273386, at *3 (awarding $300.00 in damages for missing a half day of work and to testify at hearings, not merely for time spent). This is true of Plaintiffs' citation to *Wright*, as well.[5] *See In re Wright*, 608 B.R. 648, 653 (Bankr. W.D. Va. 2019) (finding debtor suffered no financial harm but was allowed $170.00 in "actual damages" for missing a half-day of work to testify).

Perhaps the closest case for Plaintiffs is *Strong*, wherein the debtor devoted over seventy-five hours of his personal time to litigating a section 362(k) adversary proceeding. *See Strong*, 2026 WL 1557450, at *12. In that case, the court concluded that it was reasonable for the debtor to have spent such time in diligently pursuing his case, but that the debtor could not collect any

[5] Plaintiffs also cite to both *Ojiegbe* and *Klemkowski* to support this proposition, though these opinions do no more than restate the "broad umbrella" definition of "actual damages" as including "lost time," without offering expansion on what exactly "lost time" may include, though supporting citations still point only to missed work. *Ojiegbe*, 539 B.R. at 479; *In re Klemkowski*, 664 B.R. 681, 699 n. 36 (Bankr. D. Md. 2024), *leave to appeal denied sub nom. Cenlar FSB v. Klemkowski*, No. 1:24-CV-3329, 2025 WL 81513 (D. Md. Jan. 13, 2025) (citing *Hafer*, 2013 WL 5925167, at *7).

compensation because he was not an attorney and section 362(k)(1) did not provide for compensation of *pro se* parties or their lost time prosecuting an enforcement of the stay action—and could relief be granted, some evidence of time expended would be required. *Id.* ("Even assuming a *pro se* party could be compensated under § 362(k)(1) for time spent on the matter, [the debtor] has failed to meet his burden to show the requested compensation is reasonable because he did not provide time entries detailing the work and time."). Given Plaintiffs' circumstance does not approach even this standard, there are no generalized "lost time" grounds for actual damages.

d. Plaintiffs do not credibly plead attorneys' fees sufficient to stand independently as actual damages.

The parties disagree over whether attorney's fees incurred in litigating a section 362(k) violation can serve as the sole basis of "injury." Section 362(k) authorizes the recovery of "actual damages, including costs and attorneys' fees." 11 U.S.C. § 362(k)(1).

There is, and has long been, a lasting split of authority over whether the award of attorneys' fees under section 362(k) "is an independent matter from the issue of actual damages, . . . or if the award of attorney's fees is conditional upon a showing of actual injury." *Clayton*, 235 B.R. at 811. There are arguments both ways.

The Eighth Circuit held that the award of attorneys' fees is allowable only to "embellish actual damages," though attorneys' fees accrued, say, in defending property from a wrongful encumbrance, as in *Garden*. *See Lovett v. Honeywell, Inc.*, 930 F.2d 625, 629 (8th Cir. 1991); *Garden v. Cent. Nebraska Hous. Corp.*, 719 F.3d 899, 906–07 (8th Cir. 2013) (finding attorneys' fees incurred in preventing creditors from encumbering estate property in violation of the automatic stay were independent "actual damages"); *see also*, *In re DLB II, LLC*, 654 B.R. 777, 787 (Bankr. N.D. Iowa 2023) ("In the Eighth Circuit, recovery of attorneys' fees under 11 U.S.C.

§ 362(k)(1) is inappropriate in the absence of an award of actual damages.”). The Eleventh Circuit agrees that attorneys' fees may be recovered as actual damages “if they were reasonably and necessarily incurred as a result of the willful stay violation.” *See In re Holyfield*, No. 16-67309, 2019 WL 2387045, at *6 (Bankr. N.D. Ga. June 3, 2019); *Parker v. Credit Central South, Inc. (In re Parker)*, 634 Fed. App'x. 770, 773 (11th Cir. 2015) (permitting attorney's fees and punitive damages to be awarded even in the absence of other compensatory damages).

Judges in the Second Circuit appear to have discretion to award attorneys' fees where “reasonable and necessary to vindicate [the debtor's] rights or the congressional policies underlying § 362(k).” *In re Beebe*, 435 B.R. 95, 102 (Bankr. N.D.N.Y. Aug. 20, 2010); *Sturman*, 2011 WL 4472412, at *4 (holding while there is “no bright-line rule prohibiting recovery of fees in the absence of other damages, a bankruptcy judge's decision to deny an award of attorney's fees and costs, even for a willful violation of the automatic stay,” is justified where litigation was unnecessary to defend a debtor's rights). *But see In re DiPietro*, No. 17-CV-9423 (KMK), 2019 WL 457601, at *5 (S.D.N.Y. Feb. 5, 2019) (finding a decision to grant attorneys' fees in the absence of “any damages proximately caused by the stay violation other than their attorneys' fees and legal expenses incurred in responding” to a creditor's letter and prosecting a contempt motion to be an abuse of discretion.); *In re Crowder*, No. 16-20440-PRW, 2016 WL 3453214, at *1 (Bankr. W.D.N.Y. June 16, 2016) (“Here, the attorneys' fees do not qualify as actual damages under 11 U.S.C. § 362(k)(1) because they were not necessary to stop an ongoing stay violation, to undo the effects of a stay violation, or to recover pre-litigation actual damages.”); *In re Burkart d/b/a Burkart Auto.*, No. 08-61077, 2010 WL 502945, at *6 (Bankr. N.D.N.Y. Feb. 9, 2010) (“Courts in this circuit recognize that damages consisting of attorneys' fees and costs may be

appropriate even where a debtor has suffered no other compensable harm, provided the circumstances do not point out an inclination for excessive litigiousness.”).

Courts in the Third Circuit remain conflicted, but tend towards the stance attorneys’ fees cannot stand alone. “The vast majority of recent cases in the Third Circuit dealing with this issue have focused on the text of Section 362(k) and held . . . that the Bankruptcy Code allows for attorney’s fees only when a debtor is ‘injured’—in other words, an injury is a ‘condition precedent’ to an award of attorney’s fees.” *In re Toppin*, 645 B.R. 773, 790 (E.D. Pa. 2022) (citing *City of Phila. v. Walker*, 2015 WL 7428501, at *3 (E.D. Pa. Nov. 23, 2015) (collecting cases)). A Delaware bankruptcy court recently contradicted such stance, however, and held attorneys’ fees accrued in prosecuting a stay enforcement action suffice as “actual damages,” and that “[w]hether those courts are right or wrong, as a matter of bankruptcy policy, about the wisdom of treating the debtor’s attorneys’ fees incurred in response to a willful violation of the automatic stay as ‘actual damages’ that may be recovered, Congress made that decision and reflected it in the text of § 362(k) itself.” *Healthcare Real Est. Partners, LLC v. Summit Healthcare Reit, Inc. (In re Healthcare Real Est. Partners, LLC)*, No. 15-11931 (CTG), 2023 WL 7786065, at *7 (Bankr. D. Del. Nov. 14, 2023). Still, the overall conclusion appears to be “that actual injury is a condition precedent for attorney’s fees under Section 362(k).” *See Toppin*, 645 B.R. at 790 (“In this instance, because the evidence is that [debtor] has suffered no legally cognizable injury, he is not owed attorney’s fees.”)

Courts in the Tenth Circuit are similarly inconsistent, and have held both that a court can “only award attorney’s fees and costs under 362(k) after the debtor has proved it suffered other actual damages” and “[i]f an attorney cannot identify actual damages incurred by the stay violation before filing the [action], then the attorney should not file the [action] in the first place.” *In re*

*Velasquez*, No. 12-10670-TA7, 2015 WL 2215455, at *8 (Bankr. D.N.M. May 11, 2015); *In re Maynard*, No. 09-13361-R, 2010 WL 725809, at *3 (Bankr. N.D. Okla. Feb. 25, 2010). In Colorado it was noted, "Section 362[k] states . . . an individual injured by any willful violation of the automatic stay 'shall recover actual damages, *including costs and attorneys' fees*.' The use of 'including' indicates that Congress considered fees as an example of actual damages by itself." *In re Gagliardi*, 290 B.R. 808, 820 (Bankr. D. Colo. 2003) (emphasis in original).

The First Circuit expressly held erroneous a creditor's characterization of "attorney's fees as something other than actual damages," and rejected the idea that an individual be required to "suffer an 'injury' other than attorney's fees before any entitlement to attorney's fees arises." *In re Duby*, 451 B.R. 664, 674 (B.A.P. 1st Cir. 2011), *aff'd*, No. 11-9006, 2012 WL 12552111 (1st Cir. Apr. 17, 2012). Indeed, such an interpretation "ignores the plain language of the statute which expressly states that attorney's fees *are* actual damages under 11 U.S.C. § 362(k)(1)." *Id.*

Courts in the Sixth Circuit have analogously decided "attorneys' fees may be awarded under § 362(k) even if no other amounts are awarded as actual damages." *In re Grine*, 439 B.R. 461, 471 (Bankr. N.D. Ohio 2010); *In re Poteat*, No. 3:14-CV-46-TAV-HBG, 2015 WL 10096183, at *4 (E.D. Tenn. Aug. 6, 2015) ("Therefore, the Court concludes that § 362(k) entitles an injured individual to recover attorneys' fees incurred in successfully defending an appeal of an automatic stay violation."); *Cousins v. CitiFinancial Mortgage Co. (In re Cousins)*, 404 B.R. 281, 290 and n. 9 (Bankr. S.D. Ohio 2009). Still, such damages must be reasonable in relation to the value of the services for which the attorney seeks compensation. *Grine*, 439 B.R. at 472. Concord the Seventh Circuit. *See, e.g., In re Mitchell*, No. 08-8448-AJM-7, 2009 WL 301910, at *4 (Bankr. S.D. Ind. Feb. 5, 2009) ("Attorney fees are actual damages for § 362 purposes, and no other injury is required."); *Phan v. Current Publ'g, LLC*, No. 1:17-CV-02282-SEB-TAB, 2018 WL 4051995,

at *3–4 (S.D. Ind. Aug. 23, 2018) ("The Bankruptcy Court's fee award reduction is also in line with 'well established' precedent 'that legal fees awarded for a stay violation should bear a reasonable relationship to the amount in controversy.'").

The Fifth Circuit has also provided that a debtor may collect attorneys' fees incurred in prosecuting a stay violation, so long as there were actual damages, and permits debtors to collect upon the costs of successfully litigating a necessary section 362(k) claim. *See In re Repine*, 536 F.3d 512, 522 (5th Cir. 2008) (finding an award of attorneys' fees proper where a debtor successfully prosecuted a section 362(k) action). Still, even after such decision, courts within that circuit continue to deliver inconsistent opinions on the matter. *See, e.g., Jones v. FFIF-AMC Opportunity Fund, LLC*, No. CV 15-2761, 2016 WL 3460452, at *3 (W.D. La. June 21, 2016), *judgment entered sub nom. Jones v. Ffif-Amc Opportunity Fund, LLC*, No. CV 15-2761, 2016 WL 3475735 (W.D. La. June 21, 2016) ("As the plain language of the statute indicates, there must be actual damage to the debtor in order for him to recover damages or attorneys' fees."); *In re Turner*, No. 10-3300, 2012 WL 12535013, at *1 (S.D. Tex. Mar. 15, 2012) ("Bankruptcy courts in this circuit routinely hold that a debtor may not recover attorney's fees if he fails to prove actual damages from a violation of an automatic stay.").

Plaintiffs cite to the Ninth Circuit's *Schwartz-Tallard* opinion to argue the stronger view that section 362(k)(1) "describes costs and attorneys' fees as a species of actual damages," not as a "separate category of damages/recovery." Response at 6; *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1101 (9th Cir. 2015) (en banc). This case stands not for such assertion, but for the principle that a court may "award reasonable attorneys' fees and costs incurred on appeal in defending a judgment rendered pursuant to § 362(k)," or, more broadly, for damages actions undertaken after the stay violation has been remedied. *Easley v. Collection*

*Serv. of Nevada*, 910 F.3d 1286, 1288 (9th Cir. 2018) (explaining the *Schwartz-Tallard* opinion). The decision did not establish that attorneys' fees may serve as independent "actual damages," but overturned the previous *Sternberg* decision that fees incurred pursuing damages for a stay violation were not recoverable. *Id.*; s*ee also Sternberg v. Johnston*, 595 F.3d 937, 947 (9th Cir. 2010).[6] This is also the case with *Horne*. *In re Horne*, 876 F.3d 1076, 1081 (11th Cir. 2017). Likewise, Plaintiffs' citation to *Lansaw* is also inapt, as that case concerns the propriety of awarding emotional damages, and does not discuss whether attorneys' fees alone can serve as independent grounds for "actual damages" under the statute. *See In re Lansaw*, 853 F.3d 657, 664–68 (3d Cir. 2017).

That said, Plaintiffs are correct still that the Ninth Circuit believes "[s]ection 362(k) seeks to make debtors whole when a creditor willfully violates an automatic stay," and that this may require "creditors to pay debtors reasonable damages and attorneys' fees and costs incurred in remedying the violation." *Easley*, 910 F.3d at 1293. The circuit also provides that courts "awarding fees under § 362(k) thus retain the discretion to eliminate unnecessary or plainly excessive fees," suggesting they must be reasonable in relation to the proper prosecution of a 362(k) action. *See In re Pearlman*, No. 1:25-BK-11678-VK, 2026 WL 1791719, at *3 (B.A.P. 9th Cir. June 22, 2026); *see also In re Locklin*, No. BAP CC-15-1008-KUFKI, 2015 WL 8157185, at *5 (B.A.P. 9th Cir. Dec. 7, 2015) ("[A]ll reasonable attorney's fees that an individual debtor incurs in enforcing the

---

[6] "Finally, if we needed further reason to reject *Sternberg*'s reading of § 362(k), we could look as well to the difficulties courts have encountered in administering it. When interpreting statutes that authorize an award of attorney's fees, we try to avoid construing them in a way that will 'multiply litigation.'" *Commissioner v. Jean*, 496 U.S. 154, 163 (1990). *Sternberg's* interpretation of § 362(k) violates that guiding principle. When a debtor sues under § 362(k) both for injunctive relief aimed at ending the stay violation and for damages, and the creditor does not end the violation until after litigation has ensued, *Sternberg* requires the bankruptcy court to sort out how much attorney time was devoted to ending the stay violation (recoverable) as opposed to pursuing damages (not recoverable)." *Schwartz-Tallard*, 803 F.3d at 1100.

stay—including the fees incurred in prosecuting a damages action for violation of the stay—are recoverable as actual damages under § 362(k)(1).”).

In this circuit, there is no binding Fourth Circuit authority. Moreover, “[b]ankruptcy courts disagree about the relationship between attorney’s fees and other actual damages.” *In re Houck*, No. 11-51513, 2020 WL 5941415, at *13 (Bankr. W.D.N.C. Oct. 6, 2020), *aff’d sub nom. Houck v. LifeStore Bank*, No. 5:13-CV-00066-DSC, 2021 WL 970495 (W.D.N.C. Mar. 8, 2021). The Eastern District of Virginia has held, “The plain language of the statute states that attorneys’ fees are actual damages under” section 362(k), though “[i]n order to be recoverable . . . the attorneys’ fees must be shown to be reasonable and necessary.” *Charity*, 2017 WL 3580173, at *23. A district court in the Eastern District has previously dismissed the idea that attorneys’ fees alone can constitute independent injury. *See Phillips v. Smith (In re Ayscue)*, No. CIV. A. 3:94CV730, 1995 WL 908383, at *2–3 (E.D. Va., May 4, 1995) (“Since the Court is not convinced that the appellant’s attorney’s fees and costs, in of themselves, constitute an ‘injury’ under § 362[(k)], the bankruptcy court’s refusal to apply the mandatory sanctions provided by that section will not be disturbed.”). The bankruptcy court for the Northern District of West Virginia has found that “[t]he plain language of § 362(k)(1) expressly states that attorney’s fees are actual damages.” *In re Paugh*, No. 1:21-BK-00673, 2023 WL 3009881, at *3 (Bankr. N.D.W. Va. Apr. 19, 2023). Likewise, in South Carolina, a bankruptcy judge has opined, even where other damages were lacking, denying attorneys’ fees “would leave the plaintiffs who litigated to remedy a violation worse off than if the injunction had not been violated.” *Skaggs*, 2023 WL 322559, at *7.

Despite the confusion, upon review, the majority of courts appear to agree attorneys’ fees must be both provable and reasonable in relation to the actual damages suffered by the party to be recoverable independent of other “actual damages,”—a debtor “should not be entitled to a windfall

based on her attorney's actions." *Brittner*, 2023 WL 4146240, at *2; *see also e.g.*, *Seaton*, 462 B.R. at 605 ("The proportionality of the attorney's fees sought to the damages incurred by a debtor is a significant factor in determining reasonableness."); *Mosher v. Evergreen Mgmt., Inc. (In re Mosher)*, 432 B.R. 472, 477 (Bankr. D.N.H. 2010) ("Considering that there are no other actual damages in this case and the violation concerned approximately $620, the Court finds that [debtor's counsel]'s projected amount of 23.8 hours spent on this case is unreasonable."); *In re Price*, 179 B.R. 70, 73 (Bankr. S.D. Ohio 1995) (limiting fee award to $75.00 where legal fees and judicial time far exceeded the $13.00 in actual damages). Even *Hutchings*, the touchstone case denying attorneys' fees when there are no other actual damages, was tempered by a later district court decision providing "the *Hutchings* case was not so broad. Rather, it noted the debtor in the *Hutchings* case did not need to maintain the litigation 'to force [the defendant] to desist from further violating the stay, or to prevent [the defendant] from again violating the stay, or to undo the effects of [defendant's] stay violations, or to recover compensatory damages that he actually incurred as a result of those violations prior to the institution of the lawsuit.'" *Holyfield*, 2019 WL 2387045, at *7 (citing *Parker v. Credit Central South, Inc.*, No. 1:14-cv-311-WKW, 2015 WL 1042793, at *6 (M.D. Ala. Mar. 10, 2015) (explaining *Hutchings v. Ocwen Fed. Bank (In re Hutchings)*, 348 B.R. 847 (Bankr. N.D. Ala. 2006))).

Considering the general trend of opinion, this Court finds the moderate majority stance proper. In the context of section 362(k), attorneys' fees may be claimed as independent grounds for "actual damages," so long as such fees are related to the prosecution of a necessary enforcement or damages action, are reasonable in relation to the value of the services rendered by the attorney and the injury claimed, and may be properly quantified by the debtor. *See Seaton*, 462 B.R. at 605; *In re Preston*, 333 B.R. 346, 351 (Bankr. M.D.N.C. 2005) (holding that no injury occurred in the

context of Section 362([k]) when the only damages were costs associated with filing the contempt motion and when the matter could have been resolved without resorting to the court).

The Court finds persuasive Judge Goldblatt's ruling in *In re Healthcare Real Estate Partners*, 2023 WL 7786065, at *6–7, as follows:

> The defendants argue that HCRE is not entitled to any attorneys' fees under § 362(k) because the Court concluded that it did not suffer an injury, beyond having incurred attorneys' fees, as a result of the automatic stay violation.
>
> That argument might well make sense with respect to other fee-shifting statutes, those that award fees to a party that prevails on the merits, and in a context in which proving damages is part of the plaintiff's burden to establish its claim. In such a case, one can argue that a party that fails to prove that it suffered damages has not "prevailed" and therefore is not entitled to attorneys' fees.
>
> The difficulty with the defendants' argument as applied to this case is that this is not how § 362(k) is written. Rather, the statute provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees." The use of the word "including" makes plain that in the context of a violation of the automatic stay, Congress viewed the costs and attorneys' fees associated with vindicating the protections of the automatic stay as part of the damages a debtor suffers when a creditor violates the stay. That is, because the statute makes clear that in the context of the automatic stay, attorneys' fees and costs are included among the debtor's "actual damages," a party that incurred such fees cannot be denied recovery for failing to have suffered actual damages.
>
> . . .
>
> While this Court is not unsympathetic with that policy view, on matters on which Congress has unambiguously spoken, this Court does not believe that it may displace Congress' policy judgment with its own. Indeed, the Supreme Court has said as much, noting that bankruptcy courts may not "run[ ] directly counter to Congress's policy judgment" because "the equity chancellor never did, and does not now, exercise unrestricted power to contradict statutory . . . law when he feels a fairer result may be obtained by application of a different rule." The difficulty with *Sturman* and the other cases on which defendants rely that reach the same conclusion is that they fail to heed this admonition. Whether those courts are right or wrong, as a matter of bankruptcy policy, about the wisdom of treating the debtor's attorneys' fees incurred in response to a willful violation of the automatic stay as "actual damages" that may be recovered, Congress made that decision and reflected it in the text of § 362(k) itself. That language controls.

*Id*. at *6-7 (footnotes omitted)*; see also Paugh*, at *3 ("The plain language of § 362(k)(1) expressly states that attorney's fees are actual damages."). The Court agrees with this statement — to the extent there has been "an *individual injured* by any willful violation of a stay." 11 U.S.C. § 362(k)(1) (emphasis added). If there is no allegation and subsequent proof of injury, the "actual damages" provision does not kick in. Thus, to the extent the Complaint seeks an award of attorneys' fees as actual damages for violation of the stay of section 362(a), the Complaint must first recite sufficient facts to show that the Plaintiffs are individuals that have been injured. This it does not do, and the motion to dismiss will be granted without prejudice with leave to amend. Moreover, it should be noted that the fees must still be reasonable, and that is an element of proof that can be fleshed out in discovery. *See also Charity,* 2017 WL 3580173, at *23 ("The plain language of the statute states that attorneys' fees are actual damages under this section. . . . In order to be recoverable, however, the attorneys' fees must be shown to be reasonable and necessary. *Skillforce, Inc. v. Hafer*, 509 B.R. at 534 (citing *In re Seaton*, 462 B.R. at 605)").[7]

<u>e. While punitive damages may be warranted, Plaintiffs did not credibly plead adequate grounds upon which punitive damages should be granted.</u>

Plaintiffs additionally seek punitive damages, arguing in their Response that, even should no actual damages be found by this Court, there is no requirement that a debtor be awarded actual damages as a pre-requisite to recovery of punitive damages. Response at 13.

---

[7] The ability to recover attorneys' fees as an element of actual damages is not without limits. As an example, parties should also be mindful that "[a] debtor . . . has a duty to mitigate any damages that may occur as a result of a stay violation." *Preston*, 333 B.R. at 350 ("Because the only damages the Debtor sustained are those manufactured by the Debtor's counsel, which could have easily been mitigated, the Court will deny any damage award to the Debtor.").

Defendant GS Bank, on the other hand, argues that, as a threshold matter, "where there is no actual damage, [a basis for punitive damages] does not exist." Memorandum in Support at 12 (citing *In re McHenry*, 179 B.R. 165, 168–69 (B.A.P. 9th Cir. 1995). There must be, in other words, a demonstrable injury as a "precondition for recovering punitive damages." *Id.* (citing *In re Palumbo Family Ltd. P'ship*, 182 B.R. 447, 471 & n. 40 (Bankr. E.D. Va. 1995)).

Punitive damages *may* be granted in "appropriate circumstances," the determination of which "is squarely within the court's discretion; however, some factors for the Court to consider include the creditor's 'respect' for the automatic stay, the extent of the creditor's experience before bankruptcy courts, and the egregiousness or vindictive nature of the creditor's actions." *In re Sexton*, 508 B.R. 646, 667 (Bankr. W.D. Va. 2014); *see also In re Neal*, 106 B.R. 90, 93 (Bankr. E.D.N.C. 1989) (authorizing punitive damages when the creditor "had little respect for the stay"); *Bunch v. NCNB South Carolina (In re Bunch)*, 119 B.R. 77, 80 (Bankr. D.S.C. 1990) (holding that punitive damages were not warranted due to the "isolated" nature of the creditor's actions violating the stay); *In re Franklin*, 614 B.R. 534, 549 (Bankr. M.D.N.C. 2020) ("Courts additionally have held that punitive damages are appropriate when a creditor acted with 'actual knowledge' that it was violating a federally protected right or with reckless disregard of whether he was doing so.") (cleaned up). Where punitive damages are imposed, the amount awarded should deter both the creditor and other similarly situated parties and should motivate such actors to "devote the resources necessary to correct the deficiencies in their bankruptcy procedures." *Charity*, 2017 WL 3580173, at *20.

Where institutional creditors have repeatedly violated the automatic stay, especially in cases involving multiple debtors and clear disregard of the provisions of the Bankruptcy Code, courts have not shied from awarding punitive damages even where actual damages were minimal.

*Id.*, at *15 (awarding punitive damages of $100,000.00 each in three cases with actual damages of $202.44, $1,155.63, and $415.25); *Taylor*, 369 B.R. at 289 (finding punitive damages were improper because institutional creditor ceased collection efforts following notice of stay); *In re Johnson*, No. 15-50053, 2016 WL 659020, at *5 (Bankr. W.D.N.C. Feb. 17, 2016) (awarding $54,000.00 in punitive damages to a national mortgage servicer where actual damages were $300.00 after said servicer attempted to collect 540 times from debtors after receiving notice of bankruptcy).

Less clear is the question of whether nominal damages may serve as a staging ground for the imposition of punitive damages. As a general matter, the Fourth Circuit requires an injury as precondition to imposing punitive damages. *Charity*, 2017 WL 3580173, at *14 (finding section 362(k) "provides that an individual *injured* by a willful violation of the stay may, in 'appropriate circumstances,' recover punitive damages.") (emphasis added).

Plaintiffs directed this Court to Judge Kahn's recent *Reid* decision, which suggests that nominal damages can open the door to punitive damages, even where traditional damages are *de minimis*. *See Reid*, 2026 WL 120978, at *4. In *Reid*, the debtor was called by a creditor with knowledge of her bankruptcy petition between three and five times a day for weeks, filling her mailbox, and causing her to miss doctor's appointments and work opportunities. *Id.*, at *1. These losses were actual, but could not be easily quantified, and as a *pro se* debtor, the movant incurred no attorneys' fees. *Id.*, at *4. Judge Kahn thus held it proper to grant $1.00 in nominal damages to the debtor, which sufficed as a staging ground to award $5,000.00 in punitive damages for the creditor's violation of the automatic stay. *Id.*, at *6. In the circumstances of that case, such a finding was entirely appropriate.

Here, accepting Plaintiffs' allegations as true, GS Bank had notice of Plaintiffs' bankruptcy through the Bankruptcy Noticing Center, creditors' meeting notices, letters from Plaintiffs' counsel, and direct communications with Plaintiffs by email and telephone. Compl. ¶¶ 2, 20–22, 30, 39–41. The actual notice GS Bank received on multiple occasions belies any suggestion it did not recklessly disregard the law and flout the automatic stay. On at least one occasion, GS Bank's representative, in attempting collection, showed extreme callousness for the automatic stay in telling Maze "it was not her job to call Mr. Maze's bankruptcy counsel, but it was Mr. Maze's job to pay his bills." Compl. ¶ 43. Despite such notice, GS Bank continued to attempt collection from Plaintiffs, among other debtors. GS Bank has also demonstrated a certain nonchalance in rectifying such behavior, dismissing its conduct in its Memorandum in Support as "only automated emails and a handful of telephone calls," rather than recognizing the gravity violations of section 362(a) carry. Memorandum in Support at 13. These were not isolated infractions, but systemic and repeated violations by GS Bank after direct notice of the stay's protection. While some of these violations may have been automated, claiming "the computer did it" is not a viable defense to a willful violation of the stay. *See In re Jennings*, 678 B.R. 46, 50 (Bankr. D.S.C. 2026) (citing *Rijos v. Vizcaya*, 263 B.R. 382, 392 (B.A.P. 1st Cir. 2001)).

In all, such allegations are sufficient at this stage to plead that GS Bank is an institutional creditor that has not only violated the automatic stay repeatedly and in various cases, but also that GS Bank has insufficient mechanisms for accommodating debtors claiming the protection of the automatic stay. Albeit only at the pleadings stage here, punitive damages could be warranted to deter such conduct. "Unlike compensatory damages, which address a party's 'concrete loss,' punitive damages aim at 'deterrence and retribution.'" *Charity*, 2017 WL 3580173, at *18.

Nonetheless, Plaintiffs' Complaint must still exhibit a showing of actual damage for this Court to consider rendering such relief under section 362(k). As stated in *Charity*, "[t]he Supreme Court has identified 'three guideposts' that a lower court should consider when evaluating punitive damages awards: (1) the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered and the punitive damages award (the ratio between punitive and compensatory damages), and (3) the difference between the punitive damages awarded and civil penalties authorized or awarded in comparable cases. In short, a punitive damages award 'must be based on the facts and circumstances of the defendant's misconduct' and the punishment must be 'reasonable and proportionate to the amount of harm caused.'" *Id*. at *18 (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 425–26 (2003) (internal citations omitted). The "harm caused" is where the Complaint falls short.

## **CONCLUSION**

For the foregoing reasons, this Court finds that GS Bank's Motion should be granted, without prejudice. The Plaintiffs will be given twenty-one days to file an amended complaint with more substantive allegations consistent with this Opinion.

A separate Order will be entered contemporaneously herewith.

**END OF OPINION**